■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN McLOUGHLIN, Also Known as EARL RANDOLPH, Respondent. In the Matter of the NEW YORK TIMES COMPANY et al., Appellants. — Order, Appellate Term, First Department, entered December 6, 1983, which reversed an order of the Criminal Court, New York County (William Erlbaum, J.), entered July 27, 1982, that had granted the motion of petitioner New York Times Company for an order unsealing records in a dismissed criminal case, is affirmed, without costs.

We affirm for the reasons stated by Appellate Term. We merely add that the cases cited as authority by petitioner are inapplicable because they either pertain (1) to situations where

the courtroom was closed for at least part of the time, or (2) to situations in which there was no termination in favor of the accused. In the instant case, the extradition hearings were conducted in an open courtroom and dismissal of the charges against defendant was a termination in favor of the accused within the meaning of CPL 160.50 (subd 2, par [i]). Concur — Sullivan, Ross, Bloom and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse the order of the Appellate Term and reinstate the order of the Criminal Court which had directed that transcripts of hearings relating to certain misdemeanor charges and the extradition of the defendant-respondent be unsealed. Criminal Court had previously ordered the transcripts sealed on the purported authority of CPL 160.50, but, on a subsequent motion by the New York Times Company, acquiesced in by the District Attorney, the Criminal Court determined that CPL 160.50 did not authorize sealing under the circumstances.

The defendant-respondent was arrested in Manhattan in March, 1981, on misdemeanor charges of soliciting prostitution and resisting arrest. A fingerprint check revealed that the defendant was an escaped felon wanted by the State of Massachusetts where he had been sentenced to a term of 18 years for attempted murder. After the accusatory instrument had been filed on the misdemeanor charges, the District Attorney moved to dismiss the charges in order to facilitate the extradition of the defendant to Massachusetts.

In my view, the dismissal ordered was not a "termination of criminal action in favor of the accused", within the meaning of CPL 160.50. It falls within neither a specific provision of that section nor its intendment. The reason for the enactment of CPL 160.50 was to protect the privacy of a person wrongfully accused or acquitted. The defendant here was in no way exonerated by the dismissal.

CPL 160.50 (subd 2) sets forth the specific circumstances in which sealing of the records of criminal proceedings is required upon termination in favor of an accused. Paragraph (i) of subdivision 2 is the only provision which even remotely applies to the circumstances at bar. That paragraph provides that an action is considered terminated in favor of the accused when "prior to the filing of an accusatory instrument in a local criminal court * * * the prosecutor elects not to prosecute such person." Here, the instrument had been filed and the proceedings begun when the motion was made.

After the defendant had been extradited and the transcripts sealed, Ralph Blumenthal, an investigative reporter from the

petitioner-appellant New York Times Company (Times), uncovered certain links between the defendant and someone at the time under Grand Jury investigation. The reporter then sought copies of the transcripts for use in researching a series of articles on that individual. It is well settled that the decision as to what is newsworthy is within the province of the media and not of the courts. (See *Gaeta v New York News,* 62 NY2d 340, revg 95 AD2d 315.)

The defendant's argument that the Times' right of access was satisfied by the fact that the original proceedings were open to the public so that the Times could have attended and obtained the information, is legally insufficient. The issue here involves the First Amendment right of access to criminal proceedings. (See *Press-Enterprise Co. v Superior Ct.,* 464 US __, __, 104 S Ct 819, 827 [Stevens, J., concurring]; *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 448 [Fuchsberg, J., concurring].) That right of access is not limited to mere attendance at live courtroom proceedings but extends to access to transcripts (cf. *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 444, *supra*) and documentary evidence (see *Associated Press v United States Dist. Ct.,* 705 F2d 1143) as matters of public record.

In the present case, the Times' right of access to the transcripts is not outweighed by any compelling State interest (see *Press-Enterprise Co. v Superior Ct.,* 464 US, at p __, 104 S Ct, at p 826 [Blackmun, J., concurring]) as would be present if the circumstances fit within any of the instances specifically enumerated by CPL 160.50 (subd 2) in which a criminal proceeding is deemed terminated in favor of the accused.

As a statute that restricts fundamental First Amendment rights, CPL 160.50 should be narrowly construed. Thus, defendant's argument that the dismissal herein is "tantamount" to a dismissal under paragraph (i) of subdivision 2, which specifies "prior to the filing of an accusatory instrument", should not prevail.

Accordingly, the order of the Appellate Term, First Department, entered on December 6, 1983, which reversed an order of the Criminal Court (Erlbaum, J.) which had directed that the transcripts of hearings involving the misdemeanor charges and extradition proceedings with respect to the defendant-respondent be unsealed, should be reversed, and the order of the Criminal Court reinstated. [122 Misc 2d 891.]