v.

UNITED STATES, Appellee.

No. 86–490.

District of Columbia Court of Appeals.

Submitted Dec. 7, 1987.
Decided March 7, 1989.

**1150**

Peter H. Meyers, Washington, D.C., appointed by this court, was on appellant's motion to dismiss appeal and to expunge court records.

Joseph E. diGenova, U.S. Atty., Chevy Chase, Md., at the time the response was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on appellee's response to appellant's motion.

Before FERREN, BELSON, and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant was charged with possession of marijuana, in violation of D.C.Code § 33–541(d) (1988). After her motion to suppress the marijuana was denied, she was tried before the court on stipulated facts and found guilty. The court thereupon placed her on six months' probation without judgment under D.C.Code § 33–541(e)(1) (1988). She noted this appeal,[1] seeking to challenge the denial of her motion to suppress. While the appeal was pending, appellant completed her probation, and the charge against her was dismissed. Except for the records related to this appeal, all official records of her arrest and the proceedings against her have been sealed pursuant to D.C.Code § 33–541(e)(1). Appellant now moves to dismiss her appeal

voluntarily. She also moves to expunge all of this court's records of the appeal and to render her anonymous in its decision on these motions by recaptioning this case with her initials only. We grant the motion to dismiss. With respect to the motion to expunge, we direct that the records of this appeal be sealed and thereafter treated as non-public records, in the same manner as the records in juvenile cases. We grant the motion to render appellant anonymous by referring to her only by initials.

A 1981 statute authorized sentencing judges in the District of Columbia, for the first time, to impose probation without judgment in certain types of drug cases.[2] That authorization is now found in D.C. Code § 33–541(e)(1) (1988), which provides:

If any person who has not previously been convicted of violating any provision of this chapter, or any other law of the United States or any state relating to narcotic drugs or depressant or stimulant substances, is found guilty of a violation of [section 33–541(d)] and has not previously been discharged and had the proceedings dismissed pursuant to this subsection, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him or her on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him or her from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him or her. Discharge and dismissal under

---

1. The order of probation is appealable, even though a judgment of conviction has not been and may never be entered. *Mozingo v. United States,* 503 A.2d 1238, 1240 (D.C.1986).

2. D.C.Law No. 4–29, § 401, 28 D.C.Reg. 3081, 3104 (1981).

this subsection shall be without court adjudication of guilt, but a non-public record thereof shall be retained solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under § 33–548 for second or subsequent convictions) or for any other purpose.

When a defendant is discharged and criminal proceedings are dismissed under section 33–541(e)(1), that defendant

> may apply to the court for an order to expunge from all official records (other than the non-public records to be retained under paragraph (1) of this subsection) all recordation relating to his or her arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this subsection. If the court determines, after hearing, that such person was dismissed and the proceedings against him or her discharged, it shall enter such order.

D.C.Code § 33–541(e)(2) (1988). The question before us here—one of first impression —is how to apply this statute to the records of an appeal when the appellant has been discharged and the proceedings dismissed in the trial court while the appeal was pending.

We find the answer in our own rule governing appeals in juvenile cases and similar proceedings. Rule 12(c) of the General Rules of this court states:

> An appeal from the Family Division of the Superior Court relating to (1) juvenile, (2) adoption, (3) parentage, or (4) neglect proceedings shall be reflected on the public docket by the initials of the parties and case number of the Superior Court. In these cases the clerk shall seal the records and all documents subsequently received from the Superior Court

or counsel for the parties and shall not permit review or inspection thereof by any person other than counsel of record for the parties except on order or direction of a judge of this court.

Experience has shown that this rule works. It permits the court to function smoothly and effectively in the designated types of cases, and at the same time it preserves the anonymity of the parties and bars access to the records in such cases (which would disclose their identity) except by court order.

We are persuaded to follow the procedures of Rule 12(c) in this case, and others like it, by the fact that the Superior Court has established similar procedures for dealing with cases arising under section 33–541(e)(1). According to a Memorandum of Understanding adopted by the Superior Court and various other agencies,[3] when an order of discharge and dismissal under section 33–541(e)(1) is entered in any case, the court papers in that case are collected and placed in a sequestered, non-public file, accessible only to a limited class of persons under carefully controlled circumstances. Computerized dockets available to the public are revised to eliminate any means of identifying the defendant, and the case is thereafter identified only by number and the notation "Non–Public Record." Only in the non-public records retained by the court, under statutory authorization, is the defendant identified at all.

Although section 33–541(e)(2) does not expressly cover appellate court records, the government makes no contention that our records are not within its ambit. The statutory language is certainly broad enough to encompass the documents that are commonly included in an appellate record—copies of trial court pleadings, transcripts, verdict forms, probation orders, and so on— and we hold, as a matter of statutory construction, that such materials are subject to the provisions of section 33–541(e)(2), regardless of whether they are found in trial court files or appellate court files. *See,*

---

**3.** Pertinent portions of the Memorandum of Understanding are reproduced as an appendix to this opinion, *infra* at 1152.

*e.g., Doe v. Manson,* 183 Conn. 183, 187, 438 A.2d 859, 862 (1981); *State v. C.A.,* 304 N.W.2d 353, 361–362 (Minn.1981).[4] However, since the statute permits retention of non-public records by the court for its own purposes, and since we already have in place a method of making records non-public in other types of cases, we shall adopt that method for cases arising under section 33–541(e)(2).[5]

It is therefore ORDERED that:

1. The docket in the instant appeal shall be amended forthwith by changing the name of the appellant to her initials, so that she shall henceforth be identified only as "O.J.M., Appellant" in all court records, documents, and computer entries accessible to the public, including this opinion.

2. The Clerk shall forthwith seal the record and file in this case, and thereafter shall restrict access to the record and file in the manner prescribed in Rule 12(c) of the General Rules of this Court.

3. This appeal shall be, and hereby is, dismissed.

### APPENDIX

### MEMORANDUM OF UNDERSTANDING RESPECTING PROCEDURES FOR IMPLEMENTATION OF 33 D.C. CODE § 541(e)

#### *Statement of Purpose*

This memorandum of understanding constitutes agreement by representatives of various components of the criminal justice system in the District of Columbia as to procedures which should apply for implementation of 33 D.C.Code § 541(e). The procedures set forth herein have been developed to facilitate prompt and orderly compliance with Orders issued by the Superior Court of the District of Columbia pursuant to Section 541(e). These procedures attempt to comply with all present statutory requirements. It is the collective view of the signatories hereto that an attempt to develop necessary procedures for implementation of § 541(e) by this vehicle is preferable to development of procedures by litigation or formal amendment of the Superior Court of the District of Columbia Criminal Rules.

I. Retention of Non–Public Records Pursuant to 33 D.C.Code § 541(e)(1)

(A) *Clerk of the Superior Court of the District of Columbia*

(1) Upon discharge and dismissal of proceedings against a person without adjudication of guilt pursuant to 33 D.C.Code § 541(e)(1), the Clerk of the Superior Court of the District of Columbia shall place the Order of the Court together with all other Court papers and Court records pertaining to said criminal case in a secured non-public area. The files shall be organized to be retrievable by Court case number. The Clerk shall also create a separate non-public index of said files by name of the defendant and by PDID number. These indexes shall also be non-public.

(2) The Clerk of the Court shall also remove and delete from any computer system accessible to the public, the name of the

---

**4.** It is generally held that expungement statutes should be liberally construed because of their remedial purpose. *See, e.g., People v. White,* 77 Cal.App.3d Supp. 17, 21, 144 Cal.Rptr. 128, 130 (1978); *Barker v. State,* 62 Ohio St.2d 35, 42, 402 N.E.2d 550, 555 (1980). There is a contrary view that, insofar as expungement statutes restrict access to records of criminal proceedings, they should be narrowly construed because of First Amendment concerns. *E.g., People v. McLoughlin,* 104 A.D.2d 320, 322, 479 N.Y.S.2d 30, 32 (1984) (Kupferman, J.P., dissenting), *appeal dismissed,* 65 N.Y.2d 687, 481 N.E.2d 251, 491 N.Y.S.2d 619 (1985). This view is undercut, however, by the Supreme Court's holding that the right to public trials is satisfied by the public's ability to attend court proceedings, without further access to transcripts or tapes of those

proceedings. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 610, 98 S.Ct. 1306, 1318, 55 L.Ed.2d 570 (1978).

**5.** We see no need to order the United States Attorney's Office to take any action with respect to its records of this appeal. We believe the Memorandum of Understanding already extends to such records, and the government has not argued otherwise. We assume that the United States Attorney's Office will follow the procedures outlined in the Memorandum of Understanding in this case, as in all cases to which it applies. If our assumption is incorrect, we will entertain an appropriate motion from either party.

person and any and all information pertaining to the criminal case. The criminal case number, however, shall remain in the computer system accompanied only with the annotation "Non–Public Record." The Clerk of the Court shall also remove and delete from any computer printouts available to the public any and all references to the criminal case except for the criminal case number with the annotation "Non–Public Record". This requirement shall not apply to any computer or other records maintained by the Superior Court solely for statistical purposes and which may be accessed only by employees of the Clerk's Office for statistical purposes. Any such records maintained for statistical purposes, however, shall not be maintained by name or other individual identifier.

(3) In those circumstances where a person is arrested for both a narcotic offense and other non-narcotic offenses not chargeable under 33 D.C.Code § 541, the file of the Superior Court shall be redacted. All documents or portions of documents relating to a narcotic offense under 33 D.C.Code § 541 shall be removed from the public file and shall be placed in a non-public file. Otherwise, the file reflecting non-narcotic offenses shall remain public unless or until it is ordered expunged under other provisions of law and procedure.

(4) In those circumstances where a person has been charged together with co-defendants, the file of the Superior Court shall be redacted to delete information from the public file concerning the person the proceedings against whom have been dismissed and discharged. The information removed from the public file shall be placed in the non-public file.

(5) The non-public records file referenced in paragraph I(A)(1) above may be accessed only under the following circumstances:

(a) For the purpose of proceedings upon a motion for expungement filed pursuant to 33 D.C.Code § 541(e)(2);

(b) Upon request of the United States District Court or the Superior Court of the District of Columbia for determination of whether a particular individual pending charges in the Superior Court of the District of Columbia or in the United States District Court under 21 U.S.C. § 844 has previously been discharged and had proceedings dismissed pursuant to the provisions of 33 D.C.Code § 541(e);

(c) For the purpose of statistical analysis by Court personnel; and

(d) For the use by the United States or the District of Columbia or officers or agencies thereof in defense of any action stemming from the arrest of the person to whom the records pertain or for use by any other governmental or private party in any other civil action. Such use shall be predicated upon prior approval from the Court obtained by motion of the party seeking the information and for good cause shown.

II. Expungement of Records Pursuant to 33 D.C.Code § 541(e)(2) Upon Motion of Defendant

(A) *Clerk, Superior Court of the District of Columbia*

Upon entry of an order which grants a motion for expungement filed pursuant to 33 D.C.Code § 541(e)(2), the Clerk of the Court shall forward a certified copy thereof to the Special Proceedings Section, Office of the United States Attorney for the District of Columbia, and to the Identification and Records Division, Metropolitan Police Department. The Clerk of the Court shall also forward a certified copy to the Pretrial Services Agency and the Social Services Division.

(B) *Office of the United States Attorney for the District of Columbia*

(1) Upon receipt of a certified copy of an Order referenced in paragraph II(A) above, the Office of the United States Attorney shall determine from its records and files whether any law enforcement agency (Federal or State), other than the Metropolitan Police Department, is likely to have within its records any information pertaining to the person's arrest. The Office of the United States Attorney shall, within 60 days, destroy its criminal case file pertaining to the person and all records contained therein which relate to the person's arrest, indictment, information, trial, finding of

 guilt and dismissal and discharge pursuant to 33 D.C.Code § 541(e). If said file contains any documents which on their face do not identify the person, the Office of the United States Attorney may in its discretion re-file or otherwise dispose of such material; but under no circumstances may such material contain any references which would reflect the material's relationship with the person. If said material is the property of a private citizen, corporation or other business entity, the material may be returned to its rightful owner. The Office of the United States Attorney shall also forward a certified copy of the Order referenced in paragraph II(A) above to all law enforcement agencies other than the Metropolitan Police Department which may possess information pertaining to the person's arrest.

(2) In the event that a person who is the subject of an expungement order was a co-defendant with others in a criminal case, the Office of the United States Attorney shall, within 60 days of receipt of the Order referenced in paragraph II(A) above, redact its criminal case file to delete the name of said individual and all information which would tend to identify said individual.

(3) In those circumstances where a person was arrested for both a violation of 33 D.C.Code § 541 and other offenses, the file of the United States Attorney may be redacted to delete only that information which pertains directly to the commission of a violation of 33 D.C.Code § 541.

(4) In addition to the actions set forth above, the Office of the United States Attorney shall also delete any and all references to the person which may be contained in its PROMIS computer system relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge.

(5) The action specified in paragraphs II(B)(1–4) shall also be taken with respect to any other systems of records maintained by the Office of the United States Attorney from which information may be retrieved by the name of the person or other individual identifier.

(6) Upon completion of the tasks outlined in paragraphs II(B)(1–5), the Office of the United States Attorney shall forward to the Clerk of the Superior Court a Certificate that the actions required have been completed. Said Certificate shall also include a listing of all law enforcement agencies other than the Metropolitan Police Department which may possess records pertaining to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to 33 D.C.Code § 541(e). The certificate shall specify that a copy of the Court's expungement Order was forwarded to each law enforcement agency pursuant to paragraph II(B)(1) above.

(7) Notwithstanding any other provision of these procedures, the Office of the United States Attorney may, in lieu of destroying a record or records, submit the records for inclusion in the non-public file to be maintained by the Court pursuant to 33 D.C.Code § 541(e)(1). Upon certification by the United States Attorney that said records are privileged or otherwise confidential in nature, said record shall be held by the Court under seal.

(C) *Metropolitan Police Department*

\* \* \* \* \* \*

(D) *United States District Court*

\* \* \* \* \* \*

(E) *Social Services Division*

\* \* \* \* \* \*

(F) *Pretrial Services Agency*

\* \* \* \* \* \*

III. Procedure for Determination of Whether a Person Has Been Previously Discharged Pursuant to 33 D.C.Code § 541(e)

\* \* \* \* \* \*

[Signatures omitted] [6]

November 27, 1984

---

6. The Memorandum of Understanding is signed by the Chief Judge of the Superior Court, the Presiding Judge and the Chief Deputy Clerk of that court's Criminal Division, the Director of its

Social Services Division, the United States Attorney, the Director of the Public Defender Service, the Director of the Pretrial Services Agency, the

President of the Superior Court Trial Lawyers Association, and a representative of the Metropolitan Police Department.