**In re D.F.S., Appellant.**

**No. 95–FS–754.**

District of Columbia Court of Appeals.

Submitted May 22, 1996.

Decided Nov. 14, 1996.

G.R. Toney, appointed by this court, Washington, DC, was on the brief, for appellant.

Charles F.C. Ruff, Corporation Counsel, with whom Robert R. Rigsby, Deputy Corporation Counsel, and Rosalyn Calbert Groce, Chief, Criminal Appeals Section, were on the brief, for District of Columbia.

Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Charged in the Juvenile Branch of the Family Division of Superior Court with possession of cocaine with intent to distribute,[1] appellant pled guilty to the lesser offense of possession of cocaine,[2] was adjudicated delinquent, and was placed on probation for a period of one year with certain conditions. In reaching its disposition, the trial court rejected appellant's request to be placed on probation without judgment pursuant to D.C.Code § 33–541(e) (1993 Repl.), ruling that this section applies only in criminal proceedings. Because D.C.Code § 33–541(e) does not apply in Juvenile Branch proceedings, we affirm.

On August 6, 1994, United States Park Police, during the course of a routine traffic stop, arrested appellant for possession of "crack" cocaine. Appellant was seventeen at the time of her arrest. After the court accepted appellant's guilty plea she requested that the court place her immediately on probation pursuant to § 33–541(e). The trial court denied this request on the basis that this provision of the Controlled Substance Act (CSA) applies only in criminal (as distinguished from juvenile) proceedings, relying in part on the statute's use of the term "conviction" in § 33–541(e) and the fact that juveniles cannot be "convicted."

██ Appellant argues that the language and legislative history of § 33–541(e) indicates that it is not limited to criminal proceedings. Relying on *Houston v. United States,* 592 A.2d 1066, 1067 (D.C.1991), appellant contends that the trial court used "uniform policy" to deny her request to be placed on probation pursuant to § 33–541(e), and that this was an abuse of discretion that requires remand for a "discretionary determination" of a proper disposition. Appellant also relies on the use of the term "any person" in § 33–541(e) to support her contention that the section applies to juveniles as well as adults.

We cannot agree. The plain language of § 33–541(e) establishes that it does not apply to persons involved in juvenile proceedings, but rather to persons involved in criminal proceedings. We note that distinctive terms are used in juvenile proceedings, and these do not include words such as "conviction," "guilty," "indictment" or "information" that are found in § 33–541(e).[3] Pursuant to sub-

---

1. D.C.Code § 33–541(a) (1993 Repl.).

2. D.C.Code § 33–541(d) (1996 Supp.).

3. We set forth here the language of D.C.Code § 33–541(e), emphasizing the words that demonstrate that it relates to criminal rather than juvenile proceedings:

If any person who has not previously been *convicted* of violating any provision of this chapter, or any other law of the United States or any state relating to narcotic or abusive drugs or depressant or stimulant substances *is found guilty* of a violation of subsection (d) of this section and has not previously been discharged and had the proceedings dismissed pursuant to this subsection, the court may,

chapter I of Chapter 23, entitled Family Division Proceedings, a minor respondent who was a child at the time of an alleged offense falls under the jurisdiction of the Family Division, D.C.Code § 16–2302(a) (1989 Repl.), unless formally transferred for criminal prosecution pursuant to D.C.Code § 16–2307 (1996 Supp.). Consequently, no criminal conviction can result from the Family Division's disposition. D.C.Code § 16–2318 (1989 Repl.). Instead, a consent decree, order of adjudication, or order of disposition may be issued. *Id.* Accordingly, the trial judge had *no* discretion to use D.C.Code § 33–541(e) in this instance. *Cf. Houston, supra,* 592 A.2d at 1067.

Stepping back from the particular statutory words used in § 33–541(e) and considering its purpose and reach in light of our juvenile court procedures generally, we see that it would have been pointless to make § 33–541(e) available to juvenile respondents. Essentially, § 33–541(e) provides that if a first-time drug offender is found guilty of violating § 33–541(d), the court may, upon motion and in its discretion, place that person on probation without the entry of a judgment of

guilty. If the person complies with all of the conditions of probation, the court will dismiss the proceedings and discharge the person without an adjudication of guilt. The person may also apply for, and will be granted, an order expunging all official records of the proceedings save for the non-public record retained for the sole purpose of determining whether the person qualifies in the future for such first time drug-offender treatment.

■ A juvenile respondent already has the advantages offered by § 33–541(e) and more, and therefore has no reason to argue that § 33–541(e) applies in juvenile proceedings. In addition to not being "convicted," a juvenile automatically has all case records, social records, police records and fingerprint records kept confidential. D.C.Code §§ 16–2331(b), –2332(b), –2333(a), –2334(a) (1996 Supp.). Unlike the advantages available under § 33–541(e), these protections are not conditioned upon compliance with the terms of probation. In this particular case, appellant, as a juvenile, has already been afforded all of the remedies available under § 33–541(e). Appellant has been granted probation, and the records of her court proceed-

without entering a judgment of *guilty* and with the consent of such person, defer further proceedings and place him or her on probation upon such reasonable conditions as it may require and for such period, not to exceed 1 year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an *adjudication of guilt* and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him or her from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him or her. Discharge and dismissal under the subsection shall be without *court adjudication of guilt*, but a nonpublic record thereof shall be retained solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a *conviction* for purposes of disqualifications or disabilities imposed by law *upon conviction of a crime* (including the

penalties prescribed under § 33–548 for 2nd or subsequent convictions) or for any other purpose.

(2) Upon the dismissal of such person and discharge of the proceedings against him under paragraph (1) of this subsection, such person may apply to the court for an order to expunge from all official records (other than the nonpublic records to be retained under paragraph (1) of this subsection) all recordation relating to his or her arrest, *indictment or information*, trial, finding of *guilty*, and dismissal and discharge pursuant to this subsection. If the court determines, after hearing, that such person was dismissed and the proceedings against him or her discharged, it shall enter such order. The effect of such order shall be to restore such person, in the contemplation of this law, to the status he or she occupied before such arrest or *indictment or information*. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of failure to recite or acknowledge such arrest, or *indictment*, or trial in response to any inquiry made of him or her for any purpose.

ings have been and are confidential, and may also be placed under court seal upon motion filed pursuant to D.C.Code § 16–2335 (1989 Repl.).[4] Even if appellant should violate the conditions of her probation, the juvenile court records would remain confidential. The existence of what would be redundant provisions reinforces our conclusion that the plain language of § 33–541(e) applies only to adult criminal proceedings, as distinguished from juvenile proceedings. *Cf. O.J.M. v. United States,* 554 A.2d 1149, 1151 (D.C.1989) (interpreting § 33–541(e) as calling for records to be sealed *in the same manner* as are records in juvenile proceedings).

In light of the statute's plain language, we could dispense with an examination of the legislative history of D.C.Code § 33–541(e). *See Mulky v. United States,* 451 A.2d 855, 856 (D.C.1982). Nevertheless, we note that such an examination supports the conclusion that § 33–541(e) does not apply to juvenile respondents. *See* Council of the District of Columbia, Committee on the Judiciary Report on Bill 4–123, the "District of Columbia Uniform Controlled Substances Act of 1981" at 30 (April 8, 1981) (hereinafter "Report"). Consistent with the lack of support for appellant's position in the legislative history is the fact that juvenile offenders are specifically addressed in the Controlled Substances Act by its amendment of D.C.Code § 16–2320(h) (1989 Repl.) which provides for dispositions in the cases of children who are "neglected, delinquent or in need of supervision." As amended by the CSA, subsection (h) also provides for "an additional dispositional alternative for handling juveniles who have violated the provisions of the CSA and have been found delinquent." Report at 11. If, as appellant argues, the CSA were intended to apply to all persons, there would be no

need for a separate and exclusive subsection applying to children.[5] *See id.*

Accordingly, as a matter of statutory interpretation, we hold that D.C.Code § 33–541(e) does not apply to cases like appellant's, which come under the jurisdiction of the Family Division.

It is hereby ordered that the judgment appealed from is

*Affirmed.*

4. Appellant complains that she must wait until two years after final discharge from supervision before moving for sealing. This is not a substantial disadvantage since in the meantime her juvenile records are confidential. D.C.Code § 16–2332.

5. Addressing the legislative history, appellant also argues that § 33–541(e) applies to juvenile and adult defendants alike because the Report indicates that expungement is available regardless of the age of the offender. Report at 30. We are unpersuaded by this argument because expungement is already available upon motion to all juvenile respondents who meet the requirements of D.C.Code § 16–2335 whereas, as discussed above, it is available to only those adult defendants who comply with the terms of probation.