**Jesse GOTAY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CO–929.**

District of Columbia Court of Appeals.

Submitted June 28, 2001.

Decided Aug. 29, 2002.

Robert Athanas, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher, Thomas J. Tourish, Jr., Michael G. Geffroy, and Eileen F. Sheehan, Assistant United States Attorneys, were on the brief for appellee.

---

Before TERRY and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

Appellant pleaded guilty to a one-count information charging him with possession of marijuana. At sentencing, the trial court placed him on supervised probation for a period of nine months, pursuant to D.C.Code § 33–541(e)(1) (1998).[1] The court also imposed a fine of $250 as a condition of probation. Appellant asserts on appeal that the imposition of the $250 fine was an illegal sentence and asks us to reverse that portion of the judgment. The government concedes that the imposition of the fine was improper, but maintains that the appropriate remedy is for us to remand the case so that the trial court can assess the $250 as costs under the Victims of Violent Crimes Compensation Act (VVCCA), as it originally intended to do. We agree with the government and remand the case for that purpose.

I

On May 24, 2000, appellant entered a plea of guilty to the possession charge pursuant to a plea agreement with the government.[2] At the request of defense counsel, and without objection from either appellant or the government, the court waived a pre-sentence investigation and proceeded directly to sentencing that day. Because appellant was a first-time drug offender, his counsel asked the court to sentence him under D.C.Code § 33–541(e)(1), which provides that the trial court may, upon motion and in its discretion, place a first-time drug offender on probation without the entry of a judgment of guilty.[3] See In re D.F.S., 684 A.2d 1281, 1283 (D.C.1996); Houston v. United States, 592 A.2d 1066, 1067 n. 1 (D.C.1991). The court agreed, stating that it would sentence appellant to nine months' probation under section 33–541(e) and assess "a $250 Victims of Violent Crimes Compensation Act cost."

Defense counsel objected to the assessment of $250 in costs, arguing that the VVCCA did not apply to persons sentenced to probation without judgment under section 33–541(e). In response to counsel's objection, the court reconsidered the imposition of the VVCCA costs, and ultimately agreed with defense counsel that the VVCCA did not apply in appellant's case. The court instead imposed a

1. Recodified as D.C.Code § 48–904.01(e)(1) (2001).

2. In exchange for the plea, the government agreed to waive its right to request that appellant be incarcerated pending sentencing and not to oppose a probationary sentence, but otherwise reserved the right to allocute at sentencing.

3. D.C.Code § 33–541(e)(1) provides in pertinent part:

If any person who has not previously been convicted of [a drug offense] ... is found guilty of a violation of subsection (d) of this section ... the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him or her on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe.... If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him or her. Discharge and dismissal under the subsection shall be without court adjudication of guilt.... Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime ... or for any other purpose.

Subsection (d), to which the first sentence refers, makes it a crime (with limited exceptions not relevant here) to possess a controlled substance. That is the offense to which appellant pleaded guilty.

$250 fine as a condition of appellant's probation, stating:

> [T]he statute says that I can place the defendant on probation and set a reasonable condition as it may require, as I require, for a period not to exceed one year. I guess what I'm saying is that one of the conditions that I'm setting is that he pay a fine, which I believe I have the authority to do.

Despite her statement at sentencing that she would require appellant to pay a $250 fine as a condition of probation, the judge later signed an "Order Assessing Costs" under the VVCCA in the amount of $250. About three weeks later, defense counsel filed a "Motion to Correct the Order Assessing Costs," asserting that the order was a clerical error and should be vacated, and that the judge instead should simply require appellant to pay a fine of $250 as part of his sentence. Shortly thereafter the judge signed an amended order imposing a nine-month period of probation without adjudication of guilt, pursuant to D.C.Code § 33–541(e)(1).[4] Under the section listing the conditions that must be observed as part of probation, a handwritten note stated that the court "assessed a $250.00 fine," but without mentioning the VVCCA.

## II

### A. *The Fine*

■ At the end of the sentencing hearing, the trial court concluded that it had the authority to require appellant to pay a $250 fine as a condition of probation. Appellant argues, and the government concedes, that the trial court had no such authority.

This court has held that an illegal sentence "is one at variance with the controlling sentencing statute ... or illegal in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided...." *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985) (en banc) (citations and internal quotation marks omitted). Section 33–541(e) does not authorize a fine,[5] but states that the trial court may place a defendant "on probation upon such reasonable conditions as it may require." The issue before us in this case is whether the trial court had the power to impose a $250 fine as a "reasonable condition" of probation under section 33–541(e). We hold that it did not and that the fine was therefore illegal.

■ Generally, "[j]udicial discretion in formulating terms and conditions of probation is ... limited by the requirement that the conditions be reasonably related to the rehabilitation of the convicted person and the protection of the public." *Moore v. United States*, 387 A.2d 714, 716 (D.C. 1978) (citations omitted). While, under these principles, a fine generally may be imposed as a condition of probation, *see Durst v. United States*, 434 U.S. 542, 551, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978), the special circumstances presented by section 33–541(e) do not allow such a condition.[6]

Section 33–541(e) provides a first-time drug offender with a second chance. The

---

**4.** Appellant's probationary term expired on February 24, 2001.

**5.** In contrast, D.C.Code § 33–541(d) provides that, "upon conviction," anyone who violates the subsection, which generally prohibits possession of a controlled substance, is subject to a $1,000 fine as well as a period of imprisonment.

**6.** This is different from the situation in *Durst*, in which a youthful offender was sentenced under the Federal Youth Corrections Act (FYCA). The Court upheld the imposition of a fine as a condition of probation because the FYCA specifically preserved the powers of sentencing judges under the general probation statute. *See Durst*, 434 U.S. at 551, 98 S.Ct. 849.

intended purpose of the statute is to discharge the defendant without an adjudication of guilt, provided that he complies with all of the conditions of probation. Upon completion of the probationary term, all official records of the proceedings must be expunged if the defendant so requests, except for a non-public record retained for the sole purpose of determining whether the defendant may be eligible in the future for similar first offender treatment. *See In re D.F.S.*, 684 A.2d at 1283. Essentially, if the offender stays out of trouble, he is treated as if the incident never happened.

Probation under section 33–541(e), in contrast to probation under the general probation statute,[7] may be granted by a sentencing court only "without entering a judgment of guilty"—*i.e.*, a judgment of conviction. To uphold the imposition of a fine as a condition of probation in this case would, in effect, allow the court to sentence appellant as a convicted criminal when he was not actually convicted of the offense charged. Because such a result conflicts with the plain language of section 33–541(e), and because it was not within the contemplation of the legislature when enacting that statute, *see* COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY, REPORT ON BILL 4–123, at 6–7 (1981), we hold that the imposition of the fine on appellant was illegal.

## B. *The VVCCA*

The government maintains that trial judge intended, and in fact was required, to assess a fee under the VVCCA.[8] We agree. *See Parrish v. District of Columbia,* 718 A.2d 133, 135–136 (D.C.1998) (holding that assessments under the VVCCA are mandatory in all felony and misdemeanor cases and cannot be waived). Appellant argues, on the other hand, that the VVCCA does not apply to his case because his plea, which resulted in probation under section 33–541(e), should not be deemed a guilty plea under the VVCCA. His argument is unconvincing.

Although the language of the VVCCA does not specifically address whether an assessment may be ordered when a defendant is placed on probation under section 33–541(e)(1), the statute does plainly state that assessments [9] "shall be imposed" on

---

7. D.C.Code § 16–710 (2001); *see also* Super. Ct. Crim R. 32(c)(2).

8. Appellant contends, without any citation of authority, that the government should not be allowed to make this argument because it did not note a cross-appeal from the trial court's amended order. We reject appellant's contention. It is, after all, appellant who is arguing that the $250 fine was illegal. The government concedes that it was, and disagrees with appellant only as to the remedy for the illegality. In an analogous context, when we have vacated sentences on convictions that merge, we have "adopt[ed] the government's view"—without requiring a cross-appeal— and remanded for resentencing on the surviving counts so that the trial judge could effectuate, as nearly as possible, "the original sentencing plan." *Bean v. United States,* 606 A.2d 770, 772 (D.C.1992) (citing *Thorne v. United States,* 471 A.2d 247, 249 (D.C.1983)).

In any event, regardless of what the government may or may not argue or whether the government noted a cross-appeal, the fact remains that "an illegal sentence is a nullity," *Christopher v. United States,* 415 A.2d 803, 804 (D.C.1980), and that the trial court has not only the power but the duty—a duty enforceable by this court—to correct the illegality by imposing a valid and correct sentence (or, in this case, a valid assessment under the VVCCA). *See Byrd v. United States,* 487 A.2d 616, 618–619 (D.C.1985). "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States,* 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947) (citation omitted).

9. What to call such sums is not easy to determine. They are not "costs," for the statute makes no mention of costs in this context, and it does not appear that they are intended

all persons "convicted of *or pleading guilty* " to a criminal offense in the Superior Court.[10] As a first offender charged with possession of marijuana, appellant qualified for a sentence of probation without an adjudication of guilt under section 33–541(e)(1); but in order to be eligible for such probation, he first had to enter a guilty plea, which would serve as the basis for a finding of guilt by the court. Since the VVCCA explicitly states that it applies to those who plead guilty to a criminal charge, logic compels us to hold that an assessment under the VVCCA was required. The fact that, in her discretion, the trial judge chose to give appellant the benefit of probation without judgment under section 33–541(e)(1) does not mean that his guilty plea was not a guilty plea for the purposes of the VVCCA.[11] A guilty plea, regardless of the circumstances under which it is entered, requires a VVCCA assessment in all cases.

### III

We hold that a trial court, sentencing a first-time drug offender to probation with-

out judgment under D.C.Code § 33–541(e)(1) (1998),[12] is not authorized to impose a fine as a condition of that probation. We further hold that a court, sentencing a first-time drug offender under section 33–541(e)(1) who has pleaded guilty to a violation of section 33–541(d), like this appellant, is not only authorized but required to impose an assessment on that defendant under the VVCCA, D.C.Code § 3–436(a) (1998 Supp.).[13] The portion of the order directing appellant to pay a fine of $250 as a condition of probation is therefore vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Vacated in part, and remanded.*

---

to reimburse either the court system or the prosecutor's office for the expenses of litigation. Although subsection (c) does state that these sums are to be "collected as fines," it does not call them fines; moreover, fines are generally prescribed in the statutes that define particular crimes and establish the penalties for them. Because the statute requiring the payment of these sums refers to them only as "assessments," that is the name we shall give to them as well.

10. The VVCCA provides in part:
(a) In addition to and separate from punishment imposed, an assessment of ... between $50 and $250 for [most] misdemeanor offenses ... shall be imposed upon each person convicted of *or pleading guilty or nolo contendere to* the offense in the Superior Court of the District of Columbia....
\* \* \* \* \*
(c) Assessments under this chapter shall be collected as fines....

D.C.Code § 3–436(a) (1998 Supp.) (emphasis added), recodified as D.C.Code § 4–516(a) (2001).

11. Although we have recognized that probation under section 33–541(e)(1) does not constitute a "judgment of conviction" for purposes of impeachment, *see Twitty v. United States,* 541 A.2d 612, 614 (D.C.1988), *cert. denied,* 494 U.S. 1008, 110 S.Ct. 1307, 108 L.Ed.2d 483 (1990), there is no case law to support appellant's contention that his plea should not be regarded as a guilty plea under the VVCCA.

12. Now D.C.Code § 48–904.01 (2001).

13. Now D.C.Code § 4–516(a) (2001).