*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CO-581

MALIK FERGUSON, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(DVM-1602-14)

(Hon. Lynn Leibovitz, Trial Judge)

(Argued October 13, 2016      Decided April 13, 2017)

*Christine Pembroke* for appellant.

*Kristina Wolf*, Assistant United States Attorney, for appellee. *Channing D. Phillips*, United States Attorney, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, *John Timmer*, *John P. Mannarino*, *Bryan H. Han*, and *Ann K.H. Simon*, Assistant United States Attorneys, were on the briefs, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*,[*] and MCLEESE, *Associate Judge*, and REID, *Senior Judge*.

REID, *Senior Judge*: Appellant, Malik Ferguson, challenges the judgment of

the trial court denying his motion to set aside both of his 2014 misdemeanor

---

[*] Judge Blackburne-Rigsby was an Associate Judge, at the time of argument. Her status changed to Chief Judge on March 18, 2017.

convictions for attempted threats.[1]   He claims that the trial court improperly denied

his motion under the Youth Rehabilitation Act ("YRA"), D.C. Code § 24-901 *et seq.*

(2012 Repl.).   The Superior Court determined that only the United States Parole

Commission ("USPC") has jurisdiction to set aside the conviction.   For the reasons

set forth below, we hold that the Superior Court has jurisdiction to decide Mr.

Ferguson's motion, because the USPC does not have sole authority to grant or deny

a discretionary set aside of the conviction of a youth offender who commits a

misdemeanor.   The Superior Court has jurisdiction in this case because Mr.

Ferguson initially was placed on probation after the execution of his sentence was

suspended; he served no time in a federal prison on his misdemeanor convictions

following the revocation of his probation.   Therefore, we vacate the trial court's

jurisdictional order and remand this case for further proceedings consistent with this

opinion.

---

[1]   Mr. Ferguson's direct appeal resulted in an order of this court on May 28, 2015, affirming his convictions in No. 14-CM-1105.

## FACTUAL SUMMARY

The record reveals that in early September 2014, the trial court sentenced Mr. Ferguson under the YRA to thirty days in jail on each of his 2014 convictions. The court suspended execution of both sentences and placed Mr. Ferguson on supervised probation for twelve months. However, in early January 2015, the Community Supervision Services ("CSS") of the Court Services and Offender Supervision Agency ("CSOSA") informed the trial court that Mr. Ferguson had violated the terms and conditions of his probation. CSS "request[ed] a show cause hearing to recommend Mr. Ferguson's probation be revoked."

Mr. Ferguson was not present at the time the show cause hearing began on January 30, 2015. CSOSA's representative advised the trial court that "Mr. Ferguson has continued his noncompliance with supervision," he "has never tested positive for an illegal substance[, but] he has failed to report to drug testing on seven separate occasions," and he has not complied with mental health treatment. CSOSA recommended revocation of Mr. Ferguson's probation. The trial court indicated that if Mr. Ferguson did not appear by 10:30 a.m., a $500 bench warrant would be issued. Mr. Ferguson's brief in this case indicates that later on January

30, 2015, Mr. Ferguson appeared and the trial court "continued the show cause matter to March 20, 2015[,] so that Mr. Ferguson could come into compliance with the terms of his probation."

On February 2, 2015, following an arrest on new misdemeanor charges, Mr. Ferguson was committed to the D.C. Jail pending disposition. At the probation show cause hearing on March 20, 2015, the trial court indicated that Mr. Ferguson had been arrested in a domestic violence matter. Consequently, the court revoked his probation, and sentenced him under the YRA to thirty days on each of his 2014 convictions; the sentences were to run concurrently. The trial judge expressed its "hope" that Mr. Ferguson could "benefit from the services provided under [the YRA]." In addition, Mr. Ferguson's counsel asked for time served, apparently because by that time he had already been in the D.C. Jail for thirty days. The trial court responded that "[h]e will get credit for time served, by law." Thereafter, on March 27, 2015, CSOSA's notice of completion of probation was filed in the trial court; the notice indicated Mr. Ferguson's unsatisfactory adjustment to supervision and recommended that his "probation expire without the benefits described in D.C. Code, Title 24, Section 906 (e)."

Subsequently, on April 21, 2015, Mr. Ferguson lodged a motion to set aside his conviction, stating that the new case against him had been dismissed on April 3, 2015. In response, the trial court entered an order on May 5, 2015, denying Mr. Ferguson's motion and declaring that, "Under D.C. Code § 24-906 (b), if a defendant has served his sentence under the YRA before unconditional discharge, it is the [USPC], and not the court, that has jurisdiction to set aside the conviction." Mr. Ferguson noticed a timely appeal.

## PARTIES' SUPPLEMENTAL BRIEFS

Prior to hearing oral argument, this court issued an order requesting the government to submit a supplemental brief "addressing whether the [USPC] has authority under D.C. Code § 24-906 (b) (2012 Repl.) to grant a post-sentence set aside with respect to a misdemeanor conviction." The order indicated that Mr. Ferguson could file a reply to the government's supplemental brief. Both parties responded to the order.

The government essentially argues that D.C. Code § 24-906 (b) is properly interpreted as giving the USPC, rather than the trial court, the discretion to set aside

a conviction where the sentence or term of probation expires prior to a youth offender's unconditional discharge. The government also relies on an amendment to a USPC rule, 28 CFR § 2.208 (a)(2), 75 Fed. Reg. 51179 (August 19, 2010), relating to, "Termination of a term of supervised release."

In his reply to the government's supplemental brief, Mr. Ferguson takes issue with the government's position that the USPC has jurisdiction over youth misdemeanor offenders, arguing that D.C. Code § 24-906 is silent as to whether it covers misdemeanants. He also takes issue with the government's reliance on the USPC rule amendment to 28 CFR § 2-208 (a)(2). He contends that "the plain language of [the USPC] regulations and regulatory scheme as a whole makes clear that the . . . Parole Commission regulation relied on by the government is limited to felons," and that D.C. Code § 24-131 (specifying USPC's jurisdiction) limits the Commission's jurisdiction to felons. He also maintains that 28 CFR, Part 2 (including § 2-208 (a)(2)) covers "felon offenders on supervised release."

## ANALYSIS

*Standard of Review*

This court reviews questions of statutory interpretation *de novo*. *Holloway v. United States*, 951 A.2d 59, 60 (D.C. 2008). "'[I]nterpreting a statute or a regulation is a holistic endeavor.'" *W.H. v. D.W.*, 78 A.3d 327, 337 (D.C. 2013) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 528 (1994)). That is, "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme -- because the same terminology is used elsewhere in a context that makes its meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) (citations omitted). Thus, "'we do not read statutory [or regulatory] words in isolation; the language of surrounding and related paragraphs may be instrumental to understanding them.'" *W.H.*, *supra*, 78 A.3d at 337 (quoting *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 652 (D.C. 2005) (en banc)). Similarly, "if divers statutes relate to the same thing, they ought to be taken into consideration in construing any one of them . . . ." *Abadie v.*

*District of Columbia Contract Appeals Bd*., 843 A.2d 738, 742 (D.C. 2004) (internal quotation marks omitted).

We follow the canon that "[t]he primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he [or she] has used." *Clark Constr. Grp., Inc. v. District of Columbia Dep't of Emp't Servs.*, 123 A.3d 199, 202-03 (D.C. 2015) (internal quotation marks omitted). "We interpret the words used by the legislature [or the rulemaking agency] according to their ordinary sense and with the meaning commonly attributed to them." *W.H.*, *supra*, 78 A.3d at 337 (internal quotation marks omitted). "[I]f the meaning is clear from the face of the statute [or regulation], we must give effect to that plain meaning." *Stevens v. District of Columbia Dep't of Health*, 150 A.3d 307, 315 (D.C. 2016) (internal quotation marks and citation omitted). However, "[i]n appropriate cases, we also consult the legislative history of a statute," *W.H.*, *supra*, 78 A.3d at 337, and "[a] court may refuse to adhere strictly to the plain wording of a statute in order to effectuate the legislative purpose as determined by a reading of the legislative history or by an examination of the statute as a whole," *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 754 (D.C. 1983) (en banc) (internal quotation marks and citation omitted).

*The Statutory and Regulatory Framework*

Chapter 9 of Title 24 of the D.C. Code applies to youth offenders who are "less than 22 years old [and who have been] convicted of a crime other than murder, first degree murder that constitutes an act of terrorism, and second degree murder that constitutes an act of terrorism." D.C. Code § 24-901. D.C. Code § 24-902 (a) and (b) require the Mayor of the District of Columbia to provide and set aside and adopt facilities for the treatment, rehabilitation and protection of youth offenders convicted of misdemeanor offenses. D.C. Code § 24-902 (c) authorizes the Federal Bureau of Prisons "to provide for the custody, care, subsistence, education, treatment, and training of youth offenders convicted of felony offenses and sentenced to commitment." Under D.C. Code § 24-903 (a)(1), the trial court "may suspend the imposition or execution of sentence and place the youth offender on probation."

If a committed youth offender is unconditionally discharged "before the expiration of the sentence imposed, the youth offender's conviction shall be automatically set aside." D.C. Code § 24-906 (a). However, "[i]f the sentence of a committed youth offender expires before unconditional discharge, the [USPC] may,

in its discretion, set aside the conviction." D.C. Code § 24-906 (b). "Where a youth offender is sentenced to commitment and a term of supervised release for a felony committed on or after August 5, 2000, and the [USPC] exercises its authority pursuant to 18 U.S.C. § 3583 (e)(1) to terminate the term of supervised release before its expiration, the youth offender's conviction shall be automatically set aside." D.C. Code § 24-906 (c). In contrast,

> [w]here a youth offender has been placed on probation by the court, the court may, in its discretion, unconditionally discharge the youth offender from probation before the end of the maximum period of probation previously fixed by the court. The discharge shall automatically set aside the conviction. If the sentence of a youth offender who has been placed on probation by the court expires before unconditional discharge, the court may, in its discretion, set aside the conviction . . . .

D.C. Code § 24-906 (e).

D.C. Code § 24-131 concerns the jurisdiction of the USPC with respect to parole of felons, and jurisdiction of the Superior Court with respect to parole of misdemeanants. Sections 24-131 (a)(1) and (2) require the USPC to assume jurisdiction to grant and deny parole, or to impose conditions of parole, with respect to felons; and "to revoke parole and to modify the conditions of parole, with respect to felons." D.C. Code § 24-131 (a)(3) specifies that "the Superior Court of the

District of Columbia shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant, deny, and revoke parole, and to impose and modify conditions of parole, with respect to misdemeanants." Pursuant to D.C. Code § 24-131 (c), "[t]he [USPC] shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia . . . ."

The USPC rule found at 28 CFR § 2.208 is contained in Part 2 of Title 28, Chapter 1 of the Code of Federal Regulations, which pertains to "Parole, release, supervision and recommitment of prisoners, youth offenders, and juvenile delinquents." Section 2.2, eligibility for parole, covers federal prisoners "serving a maximum term or terms of more than one year." Section 2.201 covers "supervised release." Section 2.208 concerns "Termination of a term of supervised release," and § 2.208 (a) (2) provides, in pertinent part: "Upon terminating supervision of a committed youth offender before the sentence expires, the [USPC] shall set aside the offender's conviction and issue a certificate setting aside the conviction instead of a certificate of discharge." Section 2.70 (b) provides that the USPC "shall have sole authority to grant parole, and to establish the conditions of release, for all District of Columbia Code prisoners who are serving sentences for felony offenses . . . . The above authority shall include youth offenders who are committed to prison for

treatment and rehabilitation based on felony convictions under the D.C. Code (D.C. Code 24-904 (a))."

*Discussion*

When we examine the statutory and regulatory framework set forth above as a whole, it is clear that Chapter 9 of Title 24 of the D.C. Code assigns statutory duties over youth offenders to both the USPC and the Superior Court. These duties depend upon statutory categories into which youth offenders fall with respect to (a) the crimes charged–felonies or misdemeanors–and (b) disposition by the court– commitment or probation. In D.C. Code § 24-902, one of the sections surrounding and relating to § 24-906, the plain language used and its ordinary meaning make clear that the legislature intended to distinguish between youth offenders convicted of felony offenses and those convicted of misdemeanor offenses.

The felony/misdemeanor distinction, along with the commitment/probation distinction, is carried forward into the authority to set aside a youth offender's conviction under D.C. Code § 24-906, meaning both the USPC and the Superior Court have authorized duties depending upon the category or categories into which

the youth offender falls. Section 24-906 (c) focuses on youth offenders who are adjudicated guilty of felonies and who are sentenced to commitment as well as a term of supervised release. The USPC is authorized to terminate the term of supervised release of a youthful felon before it expires, and if it duly terminates the term, the youth offender is entitled to an automatic set aside of his/her conviction.

Since Mr. Ferguson did not commit a felony, he does not fall under § 24-906 (c). Rather, he falls under § 24-906 (e) because he was charged with misdemeanors and placed on probation when the execution of his sentence was suspended. However, he was not entitled to an automatic set aside because he was not unconditionally discharged "before the end of the maximum period of probation [one year] previously fixed by the court." Instead, under § 24-906 (e), the question presented by this case is whether the Superior Court has jurisdiction to determine if Mr. Ferguson's motion for a (discretionary) set aside of his misdemeanor convictions should be granted or denied. We view that question in the factual context of this case, that is, where Mr. Ferguson was initially placed on probation, his probation was revoked, he was resentenced to serve a term of thirty days in jail on each of his two misdemeanor charges, and he apparently had already served the thirty days in the D.C. Jail by the time of resentence. D.C. Code § 24-906 (e)

14

appears to permit the Superior Court to exercise discretionary jurisdiction over a case like that of Mr. Ferguson because it plainly states, "If the sentence of a youth offender who has been placed on probation by the court expires before unconditional discharge [as in Mr. Ferguson's case] the court may, in its discretion, set aside the conviction."

However, the government insists that the USPC has the authority to determine whether Mr. Ferguson's convictions should be set aside. In reaching this conclusion, the government first focuses on D.C. Code § 24-906 (b) and essentially reads that provision in isolation, apart from the rest of § 24-906, and apart from other statutory provisions. In doing so, the government concludes that only the disposition category is relevant, that is "commitment" and "probation," and because Mr. Ferguson ultimately was "committed," his case falls under the general language of § 24-906 (b), which contains no distinction between youth offenders who commit felonies and those who commit misdemeanors, and which assigns discretionary authority to the USPC in the case of the non-automatic set aside of a youth offender's convictions.

Thus, the government ignores not only the fact that "interpreting a statute or a regulation is a holistic endeavor," *W.H.*, *supra*, 78 A.3d at 337, requiring that the entirety of § 24-906, which clearly distinguishes between youthful felons and youthful misdemeanants, be considered, but also the principle that "if divers statutes relate to the same thing, they ought to be taken into consideration." *Abadie*, *supra*, 843 A.2d at 742. D.C. Code § 24-131 is a related statutory provision that delineates the authority of the USPC and the Superior Court over youth offenders. Similar to the entirety of § 24-906, the categories of youth offenders are clearly set forth in § 24-131 – felons and misdemeanants, with the USPC having authority over youthful felons and their parole (§ 24-131 (a)(1) and (a)(2)), and the Superior Court having authority over the parole of youthful misdemeanants (§ 24-131 (a)(3)). D.C. Code § 24-131 (c) contains a concluding provision stating that, "The [USPC] shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia."

In considering USPC's implementing regulations found in 28 CFR Part 2, the government zeroes in on 28 CFR § 2.208 (a)(2), and again considers this section in isolation rather than looking to the structure and content of the surrounding regulatory provisions. Moreover, obviously because CFR § 2.208 (a)(2) does not

contain plain words specifying its application to youth offenders who commit misdemeanors, the government reads into the provision a sentence from a summary statement about the rule – "[t]he rule acknowledges the [USPC's] authority to set aside a youth offender's misdemeanor conviction. . . ." 75 Fed. Reg. 51179 (Aug. 19, 2010). But that summary statement is not part of the regulation itself and, in any event, cannot override statutory and regulatory language. Nor can a summary statement be used to overlook related regulatory provisions. In that regard, 28 CFR § 2.70 (b) is relevant to the interpretation of § 2.208 (a)(2); that section provides that the USPC "shall have sole authority to grant parole, and to establish the conditions, of release, for all [D.C.] Code prisoners who are serving sentences for felony offenses." No mention is made of "sole authority" over misdemeanor offenses; nor does the phrase "sole authority" appear in § 2.208 (a)(2). Section 2.70 (b) also references a second category, "youth offenders who are committed to prison for treatment and rehabilitation based on felony convictions under the D.C. Code (D.C. Code 24-904 (a))." Notably, 28 CFR § 2.70 does not mention youth offenders who are sentenced to serve short terms in the D.C. Jail for misdemeanor offenses, following revocation of probation. *See also Hunt v. United States*, 109 A.3d 620, 621 (D.C. 2014) (discussing USPC's authority under D.C. Code § 24-131 (a) and 28 CFR § 2.70, and the Superior Court's authority under D.C. Code § 24-131 (a)(3)).

Based upon our examination of the above referenced statutory and regulatory framework according to the canons of statutory interpretation, we conclude that (1) neither D.C. Code § 24-906, nor 28 CFR § 2.208 assigns the USPC sole authority to grant a discretionary set aside of the conviction of a youth offender who (like Mr. Ferguson) commits a misdemeanor offense and who is placed on probation after the execution of his sentence is suspended, but who is resentenced to thirty days (which already have been served due to revocation of probation and detention in jail on a new charge that is later dismissed); and (2) nothing in D.C. Code § 24-906 or 28 CFR § 2.208 plainly prohibits the Superior Court from exercising discretion to determine whether a non-automatic set aside of convictions should occur in a case like that of Mr. Ferguson.  Hence, we hold that the Superior Court has the jurisdiction to address the merits of Mr. Ferguson's motion to set aside his misdemeanor convictions under the YRA.

Our conclusion is consistent with Chapter 9 of Title 24 of the D.C. Code because Chapter 9 generally and specifically (a) distinguishes between youth offenders who commit felonies and those who commit misdemeanors, (b) distinguishes between youth offenders who are committed (incarcerated) and those who are placed on probation, and (c) assigns authority over committed

(incarcerated) youthful offenders to the USPC and authority over youthful misdemeanants placed on probation to the Superior Court. Our conclusion also is consistent with 28 CFR Part 2 which in § 2.70 grants the USPC "sole authority" over parole and conditions of release of youth offenders convicted of felonies, but does not similarly assign "sole authority" over those convicted of misdemeanors to the USPC. Nor do the words of § 2.208 (a)(2) grant "sole authority" to the USPC in cases of discretionary set aside of convictions of youthful misdemeanants.

Finally, because we deem this is an appropriate case for the consultation of the legislative history of the YRA, *W.H.*, 78 A.3d at 337, our conclusion is consistent with the purposes of the YRA, including giving the Superior Court sentencing flexibility and providing an opportunity for a deserving youth offender "to start anew through expungement of his or her criminal record." *Holloway*, *supra*, 951 A.2d at 64 (citing REPORT OF THE COMMITTEE ON THE JUDICI[ARY] ON BILL 6-47, "YOUTH REHABILITATION ACT OF 1985, at 2). It is consistent, too, with the goals of the Sentencing Reform Act Amendment Act of 2000, which among other things, amended the YRA "to permit the [USPC] (*in the case of committed youthful felons*) and the [Superior] Court (in the case of youth offenders on probation) to exercise their discretion to set aside convictions," and to "separate[] the Mayor's

responsibility with respect to youth offenders convicted of misdemeanors from the [former] [Board of Parole's] responsibility with respect to youth offenders convicted of felonies." REPORT OF THE COMMITTEE ON THE JUDICIARY ON BILL 13-696, "THE SENTENCING REFORM AMENDMENT ACT OF 2000," MAY 25, 2000," at 25, 26 (emphasis added).[2]

Accordingly, for the foregoing reasons, we vacate the trial court's jurisdictional order and remand this case to the trial court so that it may exercise its discretionary authority to determine whether Mr. Ferguson's motion to set aside his convictions should be granted or denied.

*So ordered.*

---

[2] We deem it unnecessary and hence we do not decide (1) whether under the factual circumstances of this or other cases a youthful offender is "committed" within the meaning of D.C. Code § 24-906 (b); and (2) whether the Superior Court has exclusive authority, in the factual circumstances of this or other cases, to grant a post-sentence set aside to a youthful misdemeanant offender under D.C. Code § 24-906 (e), or whether there are some circumstances under which the USPC might have concurrent authority to grant a set aside under § 24-906 (b).