**Juan PETERSON, Appellant**

v.

**UNITED STATES, Appellee.**

**No. 07–CF–1344.**

District of Columbia Court of Appeals.

Submitted April 13, 2010.

Decided June 10, 2010.

Sara E. Kopecki, Washington, DC, appointed by the court, was on the brief for appellant.

Channing D. Phillips, Acting United States Attorney at the time the brief was filed, and Roy W. McLeese, III, Fernando Campoamor–Sanchez, and Sharon A. Sprague, Assistant United States Attorneys, were on the brief for appellee.

Before FERREN, TERRY, and SCHWELB, Senior Judges.

TERRY, Senior Judge:

Appellant Peterson entered into a pre-indictment plea agreement after his arrest, along with several other persons, for a series of armed carjackings. In accordance with the agreement, appellant pleaded guilty to one count of unarmed carjacking and one count of armed robbery. On appeal, he contends that the trial court erred by imposing the mandatory minimum sentence for carjacking (seven years' imprisonment) instead of a lesser sentence under the District of Columbia Youth Rehabilitation Act ("Youth Act"). We find no error and affirm the judgment.

## I

Under District of Columbia law, the crime of carjacking carries a mandatory minimum sentence of seven years. D.C.Code § 22–2803(a)(2) (2009 Supp.). This minimum sentence was expressly acknowledged in the plea agreement between appellant and the government.[1] The agreement also specified that appellant would not seek (1) any downward departure from the voluntary Superior Court sentencing guidelines (except in exchange for providing "substantial assistance to law enforcement authorities"), (2) any suspension of imposition or execution of any portion of his sentence, or (3) "incarceration pursuant to the Youth Rehabilitation Act."

Defense counsel, with leave of court, filed a memorandum of law on the effect of the Youth Act on appellant's sentence. At the sentencing hearing, defense counsel acknowledged that the plea agreement bound appellant "not to ask for the Youth Act" but argued that the court could still impose the mandatory minimum seven-year sentence under the statute and suspend its execution. The court disagreed, concluding that the minimum sentence could not be suspended in light of the plain language of the statute and this court's decision in *Moorer v. United States*, 868 A.2d 137 (D.C.2005). The court also noted that the language of the carjacking statute was virtually identical to that of the first-degree murder statute, which also pre-scribes a mandatory minimum sentence not subject to any downward departure under the Youth Act. The court concluded that this parallel language reflected the legislature's "unambiguous" intent to apply the mandatory minimum sentence in all carjacking cases, leaving a sentencing court with "absolutely no discretion" to suspend either the imposition or the execution of that mandatory minimum.

At the conclusion of the hearing, the court sentenced appellant to the mandatory minimum of seven years' incarceration for the carjacking and to a consecutive term of four years (with three years suspended) for the armed robbery. In addition, the court imposed three years' probation for the armed robbery, three years of supervised release for the carjacking, and $800 in costs under the Victims of Violent Crime Compensation Act. Finally, the court stated that "the sentences in their entirety are under the District of Columbia Youth Rehabilitation Act."

## II

Appellant now argues, as he did before the trial court, that the Youth Act permits the court to suspend either the imposition or the execution of the mandatory minimum sentence required by the carjacking statute for a defendant, like himself, who is otherwise eligible for a Youth Act sentence.[2] We review matters of statutory interpretation *de novo*. *See, e.g., District of Columbia v. Jerry M.*, 717

---

1. The plea agreement is incorporated in a lengthy letter from the prosecutor to defense counsel, which is included in the record on appeal. On page 6 of the letter, directly below the prosecutor's signature, there is a two-paragraph section headed "Defendant's Acceptance of Plea," which states in part, "I fully understand this agreement and agree to it, intending to be legally bound." Immediately following that section is appellant's signature, together with the date. Below that is another paragraph headed "Attorney's Ac-knowledgment," which in turn is followed by defense counsel's signature and the same date.

 The text of the plea agreement states that appellant "understands that the offense of Carjacking (unarmed) carries a mandatory minimum penalty of imprisonment of 7 years...."

2. Appellant was sixteen years old at the time of the carjacking to which he pleaded guilty.

A.2d 866, 868 (D.C.1998). We begin by looking first to the plain language of the statute to determine if it is "clear and unambiguous." *Pixley v. United States,* 692 A.2d 438, 440 (D.C.1997).

The carjacking statute provides in part: "A person convicted of carjacking shall be fined not more than $5,000 and be imprisoned for a mandatory-minimum term of not less than 7 years. . . ." D.C.Code § 22–2803(a)(2). It continues: "Notwithstanding any other provision of law, a person convicted of carjacking shall not be released from prison prior to the expiration of 7 years from the date of the commencement of the sentence. . . ." D.C.Code § 22–2803(c). By contrast, the Youth Act provides alternative sentencing options, including suspended imposition or execution of a sentence for youth offenders. D.C.Code § 24–903(a)(1), (2) (2001). The Youth Act further provides for the offender's record to be expunged upon completion of the sentence. D.C.Code § 24–906.

Because the Youth Act authorizes "sentencing alternatives in addition to the options already available to the court," appellant argues that the required sentence for carjacking can be suspended, either in its imposition or in its execution, by the sentencing court. *See* D.C.Code § 24–903(f). Appellant further maintains that the "notwithstanding any other provision of law" language of the carjacking statute does not conclusively rule out the application of the Youth Act to carjacking cases because, in some instances, such language does not result in all otherwise applicable laws being disregarded. *See D.C. Federation of Civic Ass'ns v. Volpe,* 148 U.S.App. D.C. 207, 241, 459 F.2d 1231, 1265 (1971) (holding that congressional directive that construction of a bridge proceed "notwithstanding any other provision of law" did not exempt the project from complying with historic preservation statutes), *cert. denied,* 405 U.S. 1030, 92 S.Ct. 1290, 31 L.Ed.2d 489 (1972). Appellant also points out that the Youth Act does not specifically prohibit its application to carjacking in the same explicit manner as it does for murder. *See* D.C.Code § 24–901(6).[3] Therefore, he concludes, it was within the trial court's discretion to depart from the mandatory minimum sentence, and thus he asks us to remand his case for resentencing under the Youth Act.

We cannot accept this argument because we have already held in *Moorer* that the carjacking statute requires a mandatory minimum seven-year sentence even when the legislature has provided for sentencing alternatives. In *Moorer* we analyzed the plain language of the carjacking statute and concluded that "a person convicted of carjacking *must* receive a term of at least seven years' imprisonment, and must serve each and every day of those seven years." *Moorer,* 868 A.2d at 144 (emphasis in original). We held that the minimum sentence applied "in all cases, with no exceptions," in the same way that the first-degree murder statute provided for no exceptions to its mandatory minimum sentence. *Id.* at 145; *see Beale v. United States,* 465 A.2d 796, 805 (D.C.1983) (construing murder statute), *overruled in part on other grounds by Winfield v. United States,* 676 A.2d 1 (D.C.1996) (en banc). We further stated that there was "no opportunity for probation or a suspended sentence" and that "neither the trial court nor this court has any power to disregard" the mandatory minimum sentence. *Moorer,* 868 A.2d at 145 (citing legislative history indicating an intention to make the carjacking statute consistent with the first-degree murder

---

3. Section 24–901(6) defines a youth offender as "a person less than 22 years old convicted of a crime other than murder."

statute and restricting court discretion to impose any lesser sentence).

 Although the *Moorer* case examined the relation between the carjacking statute and the general statute permitting suspended sentences, appellant has not persuaded us that the same analysis should not apply to the Youth Act. Furthermore, even if we were to conclude otherwise, appellant could not benefit because he explicitly agreed to forego—and thus waived—any downward adjustment of the mandatory minimum sentence under the Youth Act as part of his plea agreement. The trial court's imposition of the statutory mandatory minimum sentence also is not inconsistent with its decision to permit appellant to receive other significant benefits provided under the Youth Act to the extent that they might be available. The conclusion is inescapable that there was no error in appellant's sentence.

The judgment of conviction, including the mandatory minimum sentence, is therefore

*Affirmed.*