*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-CO-1056

ANTONIN WASHINGTON, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-13858-83)

(Hon. Steven Wellner, Trial Judge)

(Argued April 4, 2019                                    Decided April 25, 2019)

*Adrian Madsen* for appellant.

*Elizabeth Aloi*, Assistant United States Attorney, with whom *Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman*, *Nicholas P. Coleman*, *T. Anthony Quinn*, and *Jillian D. Willis*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and THOMPSON, *Associate Judges*, and WASHINGTON, *Senior Judge*.

THOMPSON, *Associate Judge*:    Through legislation enacted in 2014, the

Council of the District of Columbia (the "Council") "decriminalized the possession

of . . . marijuana for personal use."[1] In 2015, the Council enacted legislation entitled "Record Sealing for Decriminalized and Legalized Offenses Act of 2014," codified as D.C. Code § 16-803.02 (2017).

In 1983, appellant, Antonin Washington, was charged with two counts of possession of marijuana and two counts of possession of phencyclidine (PCP). Mr. Washington pled guilty to one count of possession of PCP; Superior Court records indicate that the disposition of the marijuana counts and one of the PCP counts was *nolle prosequi*. On May 4, 2017, relying on § 16-803.02, Mr. Washington filed a motion to seal the publicly available records of his "arrests and related court proceedings" in the 1983 matter (as well as records in matters from other years not involved in this appeal). In an August 29, 2017, order, the Superior Court denied the motion, stating that "[p]ossession of PCP is not a decriminalized or legalized

---

[1] *McRae v. United States*, 148 A.3d 269, 274 (D.C. 2016). *See* D.C. Act 20-305, "Marijuana Possession Decriminalization Amendment Act of 2014", 61 D.C. Reg. 3482 (Apr. 4, 2014); D.C. Code § 48-1201 (a)-(b) (2017) (providing that "[n]otwithstanding any other District law, the possession or transfer without remuneration of marijuana weighing one ounce or less shall constitute a civil violation . . . . [and] shall not constitute a criminal offense or a delinquent act . . . ."); D.C. Act 20-565, "Legalization of Possession of Minimal Amounts of Marijuana for Personal Use Initiative of 2014," 62 D.C. Reg. 880 (Jan. 23, 2015); D.C. Code § 48-904.01(a)(1) (2017) (providing inter alia that "it shall be lawful . . . for any person 21 years of age or older to . . . [p]ossess, use, purchase, or transport marijuana weighing 2 ounces or less; . . . [and to] [t]ransfer to another person 21 years of age or older, without remuneration, marijuana weighing one ounce or less").

offense" and therefore that Mr. Washington could not "avail himself of relief under . . . § 16-803.02 . . . ." The court did not address whether to grant Mr. Washington a part of the relief he sought by sealing the records of his accompanying marijuana-possession charges.

This appeal followed. We affirm the Superior Court's ruling insofar as it denied sealing of the records of Mr. Washington's PCP arrest, charges, and conviction. However, we remand for the Superior Court to consider whether to seal the records relating to Mr. Washington's accompanying arrest and charges for marijuana possession.

**I.**

Section 16-803.02 (2017) provides in pertinent part as follows:

> (a) A person arrested for, charged with, or convicted of a criminal offense pursuant to the District of Columbia Official Code or the District of Columbia Municipal Regulations that was decriminalized or legalized after the date of the arrest, charge, or conviction may file a motion to seal the record of the arrest, charge, conviction, and related Superior Court proceedings at any time.
>
> (1)

(A) The Superior Court shall grant a motion to seal if:

(i) The arrest was not made in connection with or did not result in any other District of Columbia Official Code or District of Columbia Municipal Regulations charges or convictions against the person; and

(ii) The arrest was not made in connection with or did not result in any other federal charges or convictions in the United States District Court for the District of Columbia against the person.

(B) In a motion filed under subparagraph (A) of this section, the burden shall be on the prosecutor to establish by a preponderance of the evidence that the record is not eligible for sealing pursuant to this section because the conduct was not decriminalized or legalized.

(2)

(A) In cases that do not meet the requirements of paragraph (1) of this subsection, the Superior Court may grant a motion to seal if it is in the interest of justice to do so. In making this determination, the Court shall weigh:

(i) The interests of the movant in sealing the publicly available records of his or her arrest, charge, conviction, and related Superior Court proceedings;

(ii) The community's interest in retaining access to those records;

> > (iii) The community's interest in furthering the movant's rehabilitation and enhancing the movant's employability; and
> >
> > (iv) Any other information it considers relevant.

D.C. Code § 16-803.02(a)(1)(A)-(B), (a)(2)(A)(i)-(iv).

Mr. Washington does not dispute that the records of his 1983 case are ineligible for sealing under § 16-803.02(a)(1) because the case involved an arrest and charges for marijuana possession "in connection with" and "result[ing] in" an arrest, charges, and conviction for possession of PCP, an offense which has not been decriminalized or legalized. § 16-803.02(a)(1)(A)(i). He contends, however, that the Superior Court had discretion (but erred in failing to recognize that it had discretion) to seal *all* the records of the 1983 case, pursuant to § 16-803.02(a)(2). He relies on the following language: "In cases that do not meet the requirements of paragraph (1) of this subsection, the Superior Court may grant a motion to seal if it is in the interest of justice to do so." § 16-803.02(a)(2)(A). Mr. Washington appears to read that language to mean that "[i]n cases that do not meet the requirements of paragraph (1) of this subsection [in that the cases involve both now-decriminalized or legalized conduct as well as offenses that have not been decriminalized or legalized], the Superior Court may grant a motion to seal [the record of the entire case] if it is in the interest of justice to do so." He also reads

the reference in § 16-803.02(a)(2) to "related Superior Court proceedings" ("A person arrested for, charged with, or convicted of a criminal offense . . . that was [afterwards] decriminalized or legalized . . . may file a motion to seal the record of the arrest, charge, conviction, *and related Superior Court proceedings* at any time," (emphasis added)) to mean that sealing is available under § 16-803.02 with respect to the records of any arrest, charge, or conviction for a still-criminal or still-illegal offense that was related to the arrest, charge, or conviction for now-decriminalized or legalized conduct.

Because Mr. Washington's argument presents an issue of statutory construction, our review is *de novo*.[2]

## II.

Standing by itself, the language of §§ 16-803.02(a) and (a)(2) perhaps is susceptible of the meanings Mr. Washington imputes to those provisions. But "interpreting a statute or a regulation is a holistic endeavor,"[3] and a provision in

---

[2] *Peterson v. United States*, 997 A.2d 682, 683 (D.C. 2010).

[3] *W.H. v. D.W.*, 78 A.3d 327, 337 (D.C. 2013) (alteration and internal quotation marks omitted).

isolation "is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law . . . ."[4]  Further, "[t]he literal words of a statute . . . are not the sole index to legislative intent, but rather, are to be read in the light of the statute taken as a whole, and are to be given a sensible construction . . . ."[5]  Our task "is to search for an interpretation that makes sense of the statute and related laws as a whole[,]" and we may "turn to legislative history to ensure that our interpretation is consistent with legislative intent."[6]  Further, "if divers statutes relate to the same thing, they ought to be taken into consideration in construing any one of them . . . ."[7]

The foregoing principles lead us to reject Mr. Washington's interpretation. To begin with, we disagree with Mr. Washington's assertion that his interpretation

---

[4]  *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 371 (1988) (citations omitted).

[5]  *Carlson Constr. Co. v. Dupont W. Condo., Inc.*, 932 A.2d 1132, 1134 (D.C. 2007) (quoting *District of Columbia v. Bender*, 906 A.2d 277, 281-82 (D.C. 2006)).

[6]  *Aboye v. United States*, 121 A.3d 1245, 1249 (D.C. 2015) (internal quotation marks omitted).

[7]  *Abadie v. District of Columbia Contract Appeals Bd.*, 843 A.2d 738, 742 (D.C. 2004) (internal quotation marks omitted).

is the only one that keeps § 16-803.02(a)(2) from being surplusage. An alternative interpretation is that § 16-803.02(a)(2) gives the Superior Court discretion to seal the *portion* of a record that relates to an offense that was subsequently decriminalized or legalized even if — contrary to § 16-803.02(a)(1) — the offense was "in connection with" another still-criminal or still-illegal charge, or "result[ed] in" conviction of a still-criminal or still-illegal offense. This alternative interpretation is in accord with the statutory purpose as reflected in the title of the record-sealing legislation (Bill 20-467), as reported by the Council Committee on the Judiciary and Public Safety in its September 17, 2014, Report, the "Record Sealing for Decriminalized and Legalized Offenses Act of 2014."[8] The alternative interpretation also is in harmony with the statutory language indicating that *portions* of a record may be sealed. *See* § 16-803.02(b)(3)(A) ("In a case involving co-defendants in which the [c]ourt orders the movant's records sealed, the [c]ourt

---

[8] The title of § 16-803.02 as added by the codifiers — "Sealing of public records for decriminalized or legalized offenses" — also supports the alternative interpretation. *But see, e.g.*, *United States v. Castro*, 837 F.2d 441, 442 n.1 (11th Cir. 1988) (title that "was added subsequent to enactment by those responsible for codification of the legislation . . . cannot . . . properly be of aid in determining the intent of [the legislature] . . . . Where headings of chapters, articles, or sections are mere arbitrary designations inserted for convenience of reference by clerks or other persons who have no legislative authority, such head[ing]s are held not to be proper matters for consideration in the interpretation of the statute.") (citations, parentheses, and internal quotation marks omitted).

may order that only those records, or portions thereof, relating solely to the movant be redacted.").

In addition, the legislative history of § 16-803.02 supports our alternative interpretation. The Committee Report on Bill 20-467 states as follows:

> While Bill 20-467 makes further amendments to the record sealing laws in the District, the bill does not require the same balancing underlying the 2006 and 2012 Acts, as Bill 20-467 *only addresses criminal records relating to offenses that have been decriminalized or legalized* after the date of the arrest or conviction.

Committee Report on Bill 20-467 at 4 (emphasis added). As can be seen, the language from the Committee Report quoted above refers to other District of Columbia record-sealing provisions, which also support our alternative interpretation of § 16-803.02. D.C. Code §16-803 sets out procedures that may enable individuals arrested, charged with, or convicted of eligible misdemeanors or felonies to obtain sealing of their records after prescribed waiting periods and upon satisfaction of other requirements (and, in the case of a conviction, upon the movant's showing by "clear and convincing evidence" that sealing is in the interests of justice, § 16-803(i)(3)). We discern no sensible reason why the Council would have intended — through § 16-803.02 — to allow the Superior

Court to seal the records of any still-criminal or still-illegal offenses that were in connection with marijuana-possession or other decriminalized or legalized offenses, and to do so upon a showing by a mere "preponderance of the evidence" that sealing is in the interest of justice (§ 16-803.02(a)(2)(B)), when the records relating to those still-criminal or still-illegal offenses would not (or would not yet) be eligible for record-sealing if an arrest, charge or conviction for now-decriminalized or legalized conduct had not accompanied them.

Finally, the Superior Court could reasonably find that it is in the interest of justice to seal the records of a marijuana-possession arrest, charge, or conviction (or the records of some other now-decriminalized or legalized conduct) even while leaving to stand the records of an accompanying charge or conviction for a still-criminal or still-illegal offense. For example, the court might reasonably find that a movant has a strong "interest[] . . . in sealing the publicly available records of his . . . conviction" for marijuana possession, and that sealing the record of his or her marijuana-possession conviction would "enhanc[e] the movant's employability," §§ 16-803.02(a)(2)(A)(i) and (iii), even if the record of an accompanying still-criminal offense that did not result in conviction were left to stand. Or, as another example, the court might reasonably find that sealing the record of a marijuana-possession conviction would "enhanc[e] the movant's employability," *id.*, even if

the record of a more serious, accompanying charge or conviction was, at least temporarily, left to stand, if the waiting period for obtaining sealing of the records of that accompanying charge or conviction had run (or would soon have run), making discretionary sealing available under § 16-803. Thus, our alternative interpretation that discretionary sealing is available only for the records of a no-longer-criminal offense is not undermined by the considerations mandated by § 16-803.02(a)(2)(A)(i)-(iv).

For the foregoing reasons, we hold that § 16-803.02(a)(2) gives the Superior Court discretion, in the interest of justice, to seal the portions of a case record pertaining to now-decriminalized or legalized conduct, but does not authorize the court to seal the portions of a case record pertaining to an accompanying, still-criminal or still-illegal offense. We affirm the trial court's order as it pertains to sealing of the records of Mr. Washington's PCP conviction and dismissed PCP charge, but we remand for the court to consider whether to seal the records of Mr. Washington's accompanying marijuana-possession arrest and charges.

*So ordered.*