*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CO-308

JOHN LARRACUENTE, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF2-16339-13)

(Hon. Ronna Lee Beck, Motion Judge)

(Submitted May 24, 2019                              Decided July 11, 2019)

*Paul H. Zukerberg* was on the brief for appellant.

*Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman*, *T. Anthony Quinn*, and *Elizabeth Gabriel*, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and THOMPSON, *Associate Judges*, and WASHINGTON, *Senior Judge*.

THOMPSON, *Associate Judge*:   Appellant, John Larracuente, moved pursuant to D.C. Code § 16-803.02 (2016) (the "record-sealing statute") to seal the records in Superior Court Case No. 2013-CF2-16339, a case in which he pled guilty to possession with intent to distribute (PWID) marijuana.  The Superior Court denied

the motion without a hearing, concluding that the government had shown by a preponderance of the evidence that appellant possessed an amount of marijuana that exceeded the amount decriminalized under D.C. Code § 48-904.01(a)(1) (2016),[1] and that sealing also was not available under the "interest of justice standard" of § 16-803.02(a)(2). Appellant contends in this appeal that (1) the Superior Court's ruling was based on an erroneous interpretation and application of the record-sealing statute; (2) the government failed to meet its burden of establishing that appellant's conviction was not for conduct that has since been decriminalized; (3) the Superior Court relied on speculation in concluding otherwise; and (4) the court abused its discretion and deprived appellant of due process in denying his motion without a hearing. For the reasons that follow, we affirm.

**I.**

---

[1] Section 48-904.01(a)(1) provides *inter alia* that "it shall be lawful . . . for any person 21 years of age or older to . . . [p]ossess, use, purchase, or transport marijuana weighing 2 ounces or less; . . . [to] [t]ransfer to another person 21 years of age or older, without remuneration, marijuana weighing one ounce or less; . . . [and to] grow . . . no more than 6 cannabis plants[;] . . . [and] [p]ossess . . . the marijuana produced by such plants[.]" *Id.*, § 48-904.01(a)(1)(A)-(D).

In its filings opposing appellant's motion to seal, the government submitted copies of appellant's plea-proceeding transcript; the police report describing the items seized from appellant's apartment during execution of a search warrant on September 11, 2013; the Drug Enforcement Administration chemical analysis report for the substance seized; the police *Gerstein* affidavit; and other documents. Although the documents refer to differing estimates or measurements of the weight of the marijuana the police recovered from appellant's apartment, the documents indicate that appellant — who told officers that all of the items in the apartment were his — possessed more than the now-permissible two ounces of marijuana. The Superior Court found that the government established by a preponderance of the evidence that appellant had possessed "over the decriminalized amount of marijuana[,]" and that, more likely than not, appellant intended to distribute more than the amount permitted by § 48-904.01(a)(1)(B) (one ounce or less). The court therefore concluded that appellant did not qualify for record-sealing under § 16-803.02(a)(1) or under the "interest of justice standard" of § 16-803.02(a)(2) (giving the Superior Court discretion, in the interest of justice, to seal records relating to a now-decriminalized offense, even if that offense was accompanied by an offense that remains illegal). *See Washington v. United States*, 206 A.3d 864, 869 (D.C. 2019).

Appellant contends that the Superior Court misapplied § 16-803.02(a) by failing to take a "categorical approach," rather than a case-specific-facts approach, to determine whether the offense of which appellant was convicted had been decriminalized.[2]  Specifically, appellant argues that § 16-803.02(a) should be interpreted to mandate approval of a motion to seal so long as the least culpable act(s) that would satisfy the elements of the offense to which the records relate have been decriminalized.  Appellant argues that the case-specific-facts approach creates inequities,[3] and that use of a categorical approach is necessary to achieve

---

[2]  Under a categorical approach, a court "look[s] not to the facts of the particular prior case, but instead to" what facts were "necessarily involved" for conviction under the state statute defining the crime of conviction. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) ("[W]e examine what the state conviction necessarily involved, not the facts underlying the case, [and] must presume that the conviction rested upon nothing more than the least of the acts criminalized[.]") (internal quotation marks and brackets omitted).

[3]  Quoting language that comes from *Descamps v. United States*, 570 U.S. 254, 270 (2013), appellant argues that under a case-specific-facts approach, courts

> would have to expend resources examining (often aged) documents for evidence that a defendant admitted in a plea colloquy, or a prosecutor showed at trial, facts that, [were] unnecessary to the crime of conviction . . . . The meaning of those documents will often be uncertain. And the statements of fact in them may be downright wrong. A defendant, after all, often has little incentive to contest facts that are not elements of the charged offense—and may have good reason not to . . . . And during plea hearings, the defendant may not wish to irk

(continued…)

the remedial effect the Council of the District of Columbia (the "Council") intended in enacting the record-sealing statute. Appellant further contends that the government did not negate the possibility that the marijuana found in his apartment was home-grown (thus falling within the statutory permission to possess marijuana produced by cannabis plants grown in the interior of a home) and also did not prove that appellant's intent to distribute went beyond transferring, without remuneration, one ounce or less of marijuana to another person 21 years of age or older,[4] and thus failed to prove that his conduct was not decriminalized.

Appellant argues in the alternative that even if sealing was not mandated under § 16-803.02(a)(1), the court erroneously denied him relief under § 16-803.02(a)(2), which he contends makes sealing available in the interest of justice even as to the records of conduct that have not been decriminalized. He seeks an order directing that his records be sealed.

---

(…continued)
> the prosecutor or court by squabbling about superfluous
> factual allegations.

Quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990), appellant contends that "the practical difficulties and potential unfairness of a factual approach are daunting."

[4] *See* § 48-904.01(a)(1)(B)-(C).

## II.

Our review on matters of statutory interpretation is *de novo*. *See Peterson v. United States*, 997 A.2d 682, 683 (D.C. 2010). We look first to the statute's plain language to determine if it is "clear and unambiguous." *Id.* at 684 (internal quotation marks omitted). If the plain language of a statute "is clear and unambiguous and will not produce an absurd result, we will look no further." *Pixley v. United States*, 692 A.2d 438, 440 (D.C. 1997) (internal quotation marks omitted). If the language is ambiguous, we may "turn to legislative history to ensure that [we interpret the statute in a manner that] is consistent with legislative intent." *Aboye v. United States*, 121 A.3d 1245, 1249 (D.C. 2015) (internal quotation marks omitted).

We review for abuse of discretion the Superior Court's denial without a hearing of a motion to seal. *See V.C.B. v. United States*, 37 A.3d 286, 290 (D.C. 2012); *White v. United States*, 582 A.2d 1199, 1201 (D.C. 1990). "Whether or not a hearing is held in connection with a motion to seal, a trial court's determinations in connection with that motion constitute findings of fact and are reviewed for clear error." *Sepulveda-Hambor v. District of Columbia*, 885 A.2d 303, 306–07 (D.C. 2005) (internal quotation marks omitted).

**III.**

We turn first to appellant's argument that § 16-803.02(a) must be applied using a "categorical" rather than a case-specific-facts approach. We conclude that the categorical approach cannot be squared with the language of § 16-803.02(a)(1), as explicated by the legislative history.[5] Section 16-803.02(a)(1) instructs the Superior Court to grant a motion to seal (as to decriminalized or legalized offenses that were not accompanied by other offenses that were not decriminalized or legalized) unless the government bears the burden of "establish[ing] by a preponderance of the evidence that the record is not eligible for sealing pursuant to this section because the *conduct* was not decriminalized or legalized." § 16-

---

[5] Appellant argues that use of a fact-specific analysis is "inherently arbitrary" in cases that did not proceed to conviction, that involve primarily "notoriously inaccurate" and exaggerated hearsay police reports, and that "have no meaningful records to review"; and in cases in which the movants were without counsel. Appellant argues that only the use of a categorical approach in record-sealing cases can satisfy due process.

Whatever the merit of appellant's unfairness argument as to the no-papered cases he describes, the argument does not support a conclusion that a case-specific-facts approach was unfair in this case, in which appellant had counsel and as to which there are ample records. Even if we assume that a movant's request for sealing of his criminal records implicates constitutional rights (a proposition the government disputes and that we need not address), appellant has not established that the fact-based approach was procedurally unfair in this case.

803.02(a)(1)(B) (emphasis added). The legislative history sets out examples of how eligibility for record-sealing under § 16-803.02(a)(1) will depend on a movant's underlying conduct, not merely on how the conduct was charged. The Report of the Council Committee on the Judiciary and Public Safety on Bill 20-467, the "Record Sealing for Decriminalized and Legalized Offenses Act of 2014" (the "Committee Report"), explains:

> [T]he act did not decriminalize the public consumption of marijuana. Because the distinction between possession and public consumption of marijuana did not previously exist under D.C. law, as both possession and consumption constituted criminal conduct, a person arrested for the public consumption of marijuana would be charged with marijuana possession. As a result, it is possible that an individual who was arrested for marijuana possession may have been arrested for conduct that was not actually decriminalized. Similarly, an individual arrested for marijuana possession may have been arrested for possessing a quantity of marijuana that remains a crime (i.e. more than one ounce).[6] In these cases, the government can submit evidence showing that a record is ineligible for sealing under this bill because the person was arrested, charged, or convicted based on conduct that has not been decriminalized or legalized.

---

[6] The reference to more than one ounce reflects the fact that the Report was written after the Council had acted to decriminalize possession of one ounce of marijuana, but before voters approved an initiative provision, *see* D.C. Act 20-565, now codified in § 48-904.01(a)(1), permitting possession of up to two ounces. The Committee Report nevertheless reflects the Council's intent as to how the record-sealing statute is to be applied.

Committee Report at 5.


In the underlying proceedings in issue here, appellant pled guilty to PWID (marijuana). Some individuals convicted of misdemeanor PWID (marijuana) may be eligible to have their records sealed based on the facts surrounding their offenses. But in pleading guilty, appellant admitted that he possessed 1100 grams of "green weed substance" – an amount the Superior Court found was "significantly more" than two ounces of marijuana. Appellant may be correct that he had no motive to contest the specific amount of marijuana described in the government allocution since it was not material to the offense with which he was charged (which required only a measurable amount of marijuana), but the other records that were before the Superior Court corroborated that appellant possessed more than two ounces of marijuana: per the DEA report, the marijuana received for testing totaled over 660 grams; per the *Gerstein*, the recovered green leafy substance weighed 1189.3 grams.[7] Using the case-specific-facts approach that we conclude the record-sealing statute mandates, the Superior Court had ample basis for concluding that appellant possessed a quantity of marijuana that has not been decriminalized.

---

[7] We take judicial notice that 660 grams equals approximately 23.2 ounces, and 1189.3 grams equals about 41.9 ounces.

**IV.**

Appellant contends, however, that the government did not meet its burden of establishing that his possession of more than two ounces of marijuana was not decriminalized, because it did not negate the possibility that the marijuana in his possession might have been the yield from cannabis plants grown in his apartment, making the marijuana lawful to possess under § 48-904.01(a)(1)(D). As the trial court noted, the record contains no evidence that cannabis plants had been growing in the apartment.[8] Importantly, the record also contains no proffer by appellant to that effect, even though, in his memorandum in support of sealing, appellant told the Superior Court that his affidavit "explain[ed] all of the relevant circumstances." The trial court could reasonably conclude that the government had met its burden

---

[8] The court reasoned that "[i]f there had been evidence of lawful cannabis plants in the apartment, then the government would have the burden of proving that the marijuana the movant possessed was not the product of cannabis plants that he could now lawfully possess."

The *Gerstein* and the search warrant seizure list indicate that police found a "book on Marijuana," but do not list a book about cannabis plants or growing them.

to show by a preponderance of the evidence that appellant's possession of the amount of marijuana found in his apartment had not been decriminalized.[9]

## V.

We need not discuss at length appellant's argument that § 16-803.02(a)(2) makes record-sealing available in the interest of justice even as to the records of conduct that has not been decriminalized. That argument is effectively foreclosed by our recent opinion in *Washington*. In *Washington*, we relied on the legislative history of § 16-803.02, which explains that the bill that became law "only addresses criminal records relating to offenses that have been decriminalized or legalized after the date of the arrest or conviction." 206 A.3d at 868 (quoting Committee Report at 4) (emphasis and internal quotation marks omitted). Although the instant case, unlike *Washington*, does not involve still-criminal

---

[9] That said, the Superior Court may have engaged in unwarranted speculation in reasoning that "[e]ven if the movant had obtained cannabis plants during the week between the two searches [of appellant's apartment on September 4, 2013, and September 11, 2013,] it is not likely those new plants could have produced the large quantity of marijuana found in the apartment on September 11, 2013." Appellant also argues that the Superior Court erred in finding that he intended to distribute more than one ounce of marijuana. But even if that finding was erroneous, the court's findings about his possessing more than two ounces of non-home-grown marijuana was enough to establish that sealing was not available under § 16-803.02(a).

conduct that was accompanied by now-decriminalized or legalized conduct, our conclusion in *Washington* applies here as well: § 16-803.02(a)(2) does not give the Superior Court discretion to seal case records pertaining to still-criminal or still-illegal offenses.[10] In addition, as we explained in *Washington*, our "interpretation that discretionary sealing is available only for the records of a no-longer-criminal offense is not undermined by the considerations [such as the "community's interest in . . . enhancing the movant's employability"[11]] mandated by § 16-803.02(a)(2)(A)(i)-(iv)." 206 A.3d at 869. We specifically reject appellant's argument that "the interest of justice standard applies both to cases where a person is charged with another offense which has not been legalized and to cases where the government meets its burden [under § 16-803.02(a)(1)(B)] but nevertheless it is in the interest of justice to seal, for the [e]numerated factors."

**VI.**

---

[10]  The trial court correctly reasoned as follows: "Interest[] of justice claims only apply when another charge or conviction bars sealing of an otherwise eligible criminal record of a decriminalized or legalized offense. § 16-803.02(a)(2)(A). In this case there are no other charges or convictions that bar sealing of the movant's records. Instead, the movant's records are not eligible for sealing because the conduct has not been decriminalized."

[11]  D.C. Code § 16-803.02(a)(2)(A)(iii).

Finally, we can find no erroneous exercise of discretion in the court's denial of appellant's motion to seal without a hearing. We note first that in his filing that responded to the court's order to the parties to address several outstanding issues, appellant sought a hearing "if the [c]ourt would find it useful[.]" Further, the relevant documents — including the guilty-plea allocution, the DEA analysis, and the police paperwork — all indicate that appellant possessed an amount of marijuana that was well over two ounces; the reference in a government brief to appellant's possession of only 30.2 grams (which is less than two ounces) of marijuana — a reference the government asserts was a typographical error[12] — did not create a genuine dispute that necessitated a hearing on whether appellant possessed more than two ounces of marijuana. And although appellant mentioned the possibility that the marijuana might have been home-grown, he did not put that point in issue by filing an affidavit attesting that the marijuana was the yield from cannabis plants grown in his apartment. Accordingly, as it "plainly appear[ed] from the face of the motion, . . . exhibits, . . . documents, and the record of [the]

---

[12] The court's finding that the reference to 30.2 grams was not a "conce[ssion]" by the government is not clearly erroneous.

prior proceeding[]"[13] that appellant was not eligible for relief, the Superior Court acted within its discretion in denying the motion to seal without a hearing.[14]

For the foregoing reasons, the ruling of the Superior Court denying the motion to seal is

*Affirmed.*

---

[13]  D.C. Code § 16-805(a) (2018).

[14]   Because we are not affording appellant the relief he requested, we also deny his motion to proceed under a pseudonym and to have his name and address sealed.